IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SIDIQUE A. MANSARAY

          Petitioner,

v.

TERESA DELBASSO, et al.,

          Respondents.

CIVIL ACTION
NO. 19-1460

**ORDER**

**AND NOW**, this 9th day of November 2020, upon consideration of Petitioner Sidique A. Mansaray's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 2), and after review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. No. 20), Petitioner's Objections to the Report and Recommendation (Doc. No. 26), and the pertinent record, it is **ORDERED** that:

1. The Report and Recommendation (Doc. No. 20) is **APPROVED** and **ADOPTED**.[1]

---

[1] On June 24, 2013, Petitioner pled guilty to third-degree murder and persons not to possess firearms in the Court of Common Pleas of Philadelphia County, Pennsylvania. (Doc. No. 20 at 1.) Pursuant to his negotiated plea, Petitioner was sentenced to a term of 25 to 50 years' imprisonment. (Id.) Petitioner did not appeal his conviction to the Pennsylvania Superior Court. (Id. at 2.) Instead, on February 7, 2014, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"). (Id.) The PCRA court appointed counsel, but Petitioner sent the court numerous correspondence himself, which were forwarded to his counsel and also docketed. (Id.) On February 17, 2017, the PCRA court dismissed his petition. (Id.) Petitioner appealed the decision of the PCRA court to the Pennsylvania Superior Court, and on August 16, 2018, the Superior Court affirmed the dismissal. (Id.; Doc. No. 2 at 19.) On February 13, 2019, the Pennsylvania Supreme Court denied his petition for allowance of appeal. (Doc. No. 20 at 3.)

On April 4, 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2.) On March 20, 2020, Magistrate Judge Heffley issued the Report and Recommendation and found that Petitioner's claims were without merit and

1

therefore, Plaintiff was not entitled to relief under § 2254. (Doc. No. 20 at 6, 10.) On August 24, 2020, Petitioner filed Objections to the Report and Recommendation. (Doc. No. 26.)

In both the Petition and Objections, Petitioner makes two claims for relief. First, Petitioner argues that his guilty plea was not knowingly, voluntarily, and intelligently entered. (Doc. Nos. 20, 26.) Second, Petitioner contends that his trial counsel was ineffective for failing to obtain a psychiatric evaluation to build a diminished capacity defense. (Doc. No. 2 at 7, 9; Doc. No. 26.) Petitioner argues that if his trial counsel had obtained the psychiatric evaluation, he could have received a lesser sentence. (Doc. No. 2 at 20-21). For this reason, and because his trial counsel allegedly told him a diminished capacity defense was "impossible," Petitioner claims his guilty plea was not knowingly, voluntarily, and intelligently entered. (Id.)

For the reasons discussed below, Petitioner's claims are without merit. Additionally, the Court has reviewed the findings and conclusions made by Magistrate Judge Heffley in the Report and Recommendation, and because these findings and conclusions are correct and supported by the record, they will be approved and adopted.

**I. Standard of Review for a Petition of Habeas Corpus**

Under 28 U.S.C. § 2254(b)(1), habeas corpus relief is "available to state prisoners only after they have exhausted their claims in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 840 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Id. at 844. This means that Petitioner must give the state courts a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845.

When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), it significantly limited the federal courts' power to grant a writ of habeas corpus. Williams v. Taylor, 529 U.S. 362, 364 (2000). Under § 2254(d), a federal court shall not grant habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). In Bell v. Cone, the Supreme Court stated:

> [Section] 2254(d)(1)'s "contrary to" and "unreasonable application" clauses

have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.

535 U.S. 685, 694 (2002) (citing Williams, 529 U.S. at 404-11). Under the "unreasonable application" clause, a petitioner must demonstrate the state court's analysis was "objectively unreasonable." Woodford v. Visciotti, 537 U.S. 19, 27 (2002).

Moreover, the AEDPA requires federal courts to "afford considerable deference" to the factual determinations made by state courts. See Palmer v. Hendricks, 592 F.3d 386, 391-92 (3d Cir. 2010). Under 28 U.S.C. § 2254(d)(2), a federal court should only grant a habeas petition when a state court's factual determinations are "unreasonable" based on the evidence presented in the state proceeding. § 2254(d)(2).

## II. Petitioner's Claim That His Guilty Plea Was Not Knowingly, Voluntarily, and Intelligently Entered is Meritless

A guilty plea must be voluntary, knowing, and intelligent. See Boykin v. Alabama, 395 U.S. 238, 241-42 (1969). When a reviewing court determines whether a guilty plea is voluntary, knowing, and intelligent, the court must look at the totality of the circumstances surrounding the plea. See Brady v. United States, 397 U.S. 742, 749 (1970). The Third Circuit Court of Appeals has stated that:

> A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden. . . . "The representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity."

Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

Here, in denying PCRA relief to Petitioner based on the claim that his guilty plea was not entered knowingly, voluntarily, and intelligently, the PCRA court highlighted a portion of the trial court record from the guilty plea hearing, which Magistrate Judge Heffley also quotes in the Report and Recommendation:

> The Court: And whose decision was it for you to plead guilty, Mr. Mansaray?
>
> Petitioner: My lawyer's, right?

3

> The Court: Really?
>
> Petitioner: No, mine.
>
> Petitioner: Yes.
>
> The Court: Well, which answer is it? Let me just tell you, Mr. Mansaray, there are three and sometimes four decisions that are for you alone to make. The first is whether you wish to plead guilty or go to trial. Do you understand that?
>
> Petitioner: Yes.
>
> . . .
>
> The Court: So what made you say that it was your attorney's decision for you to plead guilty?
>
> Petitioner: I mean, he's the one that gave me the information that the deal was on the table.
>
> The Court: Yes. It is his requirement under the Rules of Professional Conduct and under the law. He is required to communicate to you any offer that is made by the Commonwealth.
>
> Petitioner: Right. But it is my choice.
>
> The Court: You sure?
>
> Petitioner: Yes.
>
> . . .
>
> The Court: All right. So it is your decision to enter this
>
> plea?
>
> Petitioner: Yes.

(Doc. No. 20 at 7-8.) Moreover, the PCRA court noted in regard to the claim of diminished capacity:

> Petitioner explained that he was hearing voices at the time he committed this crime, but he was now being treated with the drug Risperdal. Thereafter, trial counsel explained for the record that he had discussed the defense of diminished capacity with petitioner and his family, which, if successful, would

4

have resulted in a conviction of third[-]degree murder, and they mutually determined that the plea agreement was petitioner's best option. Thereafter, Petitioner entered the guilty plea to murder of the third degree and persons not to possess firearms. This Court then made a formal determination that the entry of petitioner's guilty plea was made knowingly, intelligently, and voluntarily.

Commonwealth v. Mansaray, No. CP-51-CR-0001720-2012, at *1, *6 (Pa. Ct. Com. Pl. Phila. Cnty. July 7, 2017).

As Petitioner concedes in his Objections, his counsel considered a diminished capacity defense but instead recommended that he accept the plea agreement. (See Doc. No. 20 at 2.) Petitioner states that he was told this defense was impossible, but he was not informed of everything he needed to know in order for his guilty plea to be knowing. (See Doc. No. 26 at 2.) However, Petitioner also agrees that he was told that a successful diminished capacity defense to first-degree murder and his guilty plea to third-degree murder were the same in regard to the sentence. (Id.)

Magistrate Judge Heffley determined, as did the PCRA court, that a successful diminished capacity defense would have resulted in Petitioner being found guilty of third- degree murder, which is the same charge to which he pled guilty. As Magistrate Judge Heffley found:

> The trial court engaged in an extensive colloquy on the record, ensuring that Mansaray understood the nature of his plea. Furthermore, pursuing a diminished capacity defense at trial would have resulted, at best, with Mansaray being found guilty of the same charge to which he pled guilty.

(Doc. No. 20 at 10.) (Citation omitted.) And by pleading guilty to third-degree murder, Petitioner avoided a possible conviction of murder in the first degree. Thus, on this record, Petitioner has not shown that the decision of the PCRA court was contrary to or an unreasonable application of Supreme Court precedent. § 2254(d)(1). Moreover, Petitioner has not shown that the state courts' decision was based on an unreasonable application of the facts. § 2254(d)(2).

### III. Petitioner's Claim of Ineffective Assistance of Counsel is Meritless

Petitioner also argues, in both his Petition and Objections, that his trial counsel's failure to obtain a mental health evaluation shows that his counsel did not investigate a possible diminished capacity defense, which Petitioner alleges rendered his counsel ineffective. (Doc. No. 2 at 6-7, 9; Doc. No. 26 at 1-2.) In his Objections to the Report and Recommendation of Magistrate Judge Heffley, Petitioner also contends his counsel was ineffective for failing to inform him that he might have received a lighter sentence if he had gone to trial and succeeded on the diminished capacity defense. (Doc. No. 26 at 2.)

Although Respondents argue that Petitioner failed to raise the mental health evaluation

5

claim before the state courts, he did raise that specific issue in his objections to the PCRA court's dismissal.  (See Doc. No. 20 at 11 n.3.)  For this reason, Petitioner did exhaust the same ineffective assistance of counsel claim because he raised it before the PCRA court and even in the Pennsylvania Superior Court.  The Supreme Court denied his petition for allowance of appeal.  (Id. at 3.)  So this Court will now turn to the merits of the claim.

The Supreme Court's decision in Strickland v. Washington governs claims of ineffective assistance of counsel that allegedly result in an involuntary guilty plea.  See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) (applying the Strickland test to a claim that ineffective counsel led Petitioner to involuntarily plead guilty).  Accordingly, counsel is presumed to have acted effectively unless a petitioner can demonstrate that: (1) ". . . counsel's representation fell below an objective standard of reasonableness," and (2) ". . . there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 669 (1984).

"A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."  Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995), superseded by statute on other grounds.  Moreover,

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.  This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

Hill, 474 U.S. at 59.

Here, the PCRA court and the Pennsylvania Superior Court determined that the second prong of the Strickland test was not met, that is, but for counsel's unprofessional errors there is a reasonable possibility the result of the proceeding would have been different.  (See Doc. No. 20 at 12.)  Here, Petitioner ultimately pled guilty to third-degree murder, the same offense he would have been convicted of had he gone to trial and successfully established a diminished capacity defense to first-degree murder.  (See id.); see also Commonwealth v. McCullum, 558 Pa. 590, 594 (1999) (stating that "when asserting a diminished capacity defense to first degree murder, a defendant attempts to negate the element of specific intent to kill and, if successful, first degree murder is reduced to third degree murder.") (citation omitted).  Therefore, Petitioner has not shown how he was prejudiced by his counsel's failure to procure a mental health evaluation because even if counsel had done so and asserted diminished capacity at trial, the result would have been the same.  As noted, Petitioner pled guilty to third-degree murder, and therefore the result would be the same.

2. The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

3. A Certificate of Appealability shall not issue because a reasonable jurist could not conclude that the Court is incorrect in denying and dismissing the Motion because Petitioner has failed to make a showing of a denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473 (2000).

4. The Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

To the extent Petitioner argues he could have received a lesser sentence by succeeding on this defense at trial, he has failed to establish what lesser sentence may have been imposed. Furthermore, the defense could have failed at trial, resulting in a conviction for first-degree murder. Consequently, it was objectively reasonable for Petitioner's counsel to advise him that taking the plea agreement was in his best interest. Thus, the decision of the state courts that the ineffective assistance of counsel claim is meritless is not contrary to or an unreasonable application of Strickland and its progeny, nor was it unreasonable in light of the evidence presented in state court. See § 2254(d)(1)-(2). For the reasons above, Petitioner's Motion will be denied.

Finally, the Court notes that Petitioner filed on November 2, 2020 a Notice of Appeal to the Third Circuit Court of Appeals from "the judgment entered on March 20, 2020 in the above-captioned matter." (Doc. No. 30.) The matter on March 20, 2020 was the issuance of the Report and Recommendation of Magistrate Judge Heffley. (Doc. No. 20.) This Court reviews de novo the report and recommendation of a magistrate judge and any objections, and issues a final order on the habeas petition that is appealable. That order in this case is this Footnote Opinion and Order. Thus, Petitioner filed the Notice of Appeal prematurely and for this reason this Court is not deprived of jurisdiction to rule on the Objections to the March 20, 2020 Report and Recommendation. See 20 James WM. Moore et al., Moore's Federal Practice, § 303.32[2][b][iv][A] & [B] (Matthew Bender 3d Ed.).